UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED

AUG - 8 2011

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

PAT H. O'NEAL,

    Plaintiff,

v.                                     Civil Action No. 2:10cv504

PATRICK R. DONAHOE,
Postmaster General,

and

UNITED STATES POSTAL SERVICE,

    Defendants.[1]

## OPINION AND ORDER

This matter is before the Court on a motion filed by defendants, Postmaster General Patrick R. Donahoe and the United States Postal Service (collectively "Defendants" or the "Postal Service"), to dismiss the First Amended Complaint filed by plaintiff Pat H. O'Neal ("Plaintiff") for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, and for failing to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). In response, Plaintiff filed a motion for leave to file an additional brief. The motion to dismiss has been fully briefed, and is ripe for

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Patrick R. Donahoe is automatically substituted for his predecessor, John E. Potter, as defendant in this action.

decision. Although Plaintiff has requested a hearing on the motion to dismiss, after examination of the briefs and the record, the Court has determined that a hearing is unnecessary, as the facts and legal arguments are adequately presented, and the decision process would not be aided significantly by oral argument. Fed. R. Civ. P. 78(b); E.D. Va. Loc. Civ. R. 7(J). For the reasons stated herein, the Court **GRANTS** Defendants' motion to dismiss for failure to state a claim upon which relief can be granted, and Plaintiff's First Amended Complaint is **DISMISSED**, with prejudice.[2]

### I. FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY[3]

Plaintiff completed an application for employment with the Postal Service, utilizing Postal Service Form 2591 ("PS Form 2591"), on July 6, 2007. First Am. Compl. ¶ 1. Plaintiff "answered all questions fully and to the best of his knowledge."

---

[2] The Court has reviewed Plaintiff's additional proposed brief. Even if the Court were to grant Plaintiff leave to file such brief, it would not alter this Court's determination because it presents no analysis that was not previously presented in Plaintiff's opposition. Therefore, Plaintiff's motion for leave to file such brief is denied.

[3] The facts recited here are drawn from Plaintiff's First Amended Complaint and are assumed true for the purpose of deciding the motion to dismiss currently before the Court. They are not to be considered factual findings for any purpose other than consideration of the pending motion. See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) ("[I]n evaluating a Rule 12(b)(6) motion to dismiss, a court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint.").

2

<u>Id.</u> The form required Plaintiff to disclose if he had been convicted of a crime, including "all felony and misdemeanor convictions and all convictions in state and federal courts," but allowed him to omit "any conviction that has been set aside, vacated, annulled, expunged, or sealed." <u>Id.</u>; Pl.'s Ex. 1. Plaintiff indicated on PS Form 2591 that he had not been convicted of a crime. Pl.'s Ex. 1.

Upon approval of his application, Plaintiff was appointed to a position as a Letter Carrier in the Postal Service on July 11, 2007, and began his duties on July 21, 2007. First Am. Compl. ¶ 2. During the course of Plaintiff's background check, the FBI discovered a misdemeanor arrest and conviction, dating back to 1986, for solicitation of prostitution in Monterey, California, and a dismissed contempt of court charge in Virginia Beach, Virginia. <u>Id.</u> ¶ 3. The Postal Service sent a letter to Plaintiff on March 19, 2008, inquiring about his criminal record. <u>Id.</u> ¶ 4. Plaintiff responded that he had forgotten about his misdemeanor arrest. <u>Id.</u> ¶ 4. Nevertheless, Plaintiff asserts that such arrest should have been dismissed a year after the arrest and purged from the court records in 1991. <u>Id.</u> ¶¶ 4-5.

As described in the First Amended Complaint, on March 25, 2008, Plaintiff received a report from Postmaster Shaw that "favorable action was taken in regard to Mr. O'Neal's background

check after a complete review of the record." Id. ¶ 6. Plaintiff was promoted to full-time regular status as a letter carrier on July 19, 2008. Id. ¶ 7. Less than two weeks later, Plaintiff received a "Letter of Removal citing 'Improper Conduct/Falsification of PS Form 2591, Application for Employment.'" Id. ¶ 8. On October 29, 2008, Plaintiff received a Letter of Decision from Postmaster Shaw, terminating Plaintiff's employment for falsifying his application materials, effective December 12, 2008. Id. ¶ 9. Plaintiff was, in fact, terminated from employment with the Postal Service on December 12, 2008. Id. ¶ 10.

According to the First Amended Complaint, Plaintiff's misdemeanor solicitation of prostitution arrest and conviction remained in the records because of a clerical error, even though they should have been expunged. Id. ¶¶ 5, 16. Upon Plaintiff's request, the Superior Court of California, County of Monterey, dismissed the charge against Plaintiff on October 26, 2010. Id.; Pl.'s Ex. 2. However, the Order of Dismissal did "not relieve the defendant of the obligation to disclose this conviction in response to any direct question contained in any questionnaire or application for public office, for licensure by any state or local agency, or for contracting with the California State Lottery." Pl.'s Ex. 2.

4

The crux of Plaintiff's argument is that after he provided answers on the application for employment, in good faith and to the best of his ability, he had fulfilled his obligation. First Am. Compl. ¶ 14. Therefore, Plaintiff argues that when Defendants terminated his employment, "Defendant[s] breached various written and oral contracts, both express and implied." Id. ¶ 13. Specifically, Plaintiff cites Defendants' Employee Labor Relations Manual and the employment application, PS Form 2591, as contracts and agreements between the parties that Defendants breached by terminating Plaintiff's employment. Id. ¶¶ 13-15. Additionally, Plaintiff asserts that Defendants were estopped from terminating Plaintiff's employment for failing to disclose his criminal record because of Postmaster Shaw's report indicating that "favorable action had been taken regarding [Plaintiff's] employment" and Plaintiff's promotion on July 19, 2008. Id. ¶¶ 17-19.

Plaintiff filed this lawsuit on October 12, 2010, and filed his First Amended Complaint on February 21, 2011. In response, Defendants filed a motion to dismiss on March 1, 2011. After the motion to dismiss was fully briefed, Plaintiff filed a motion for leave to file an additional brief on March 23, 2011.

## II. STANDARD OF REVIEW

### A. Subject-Matter Jurisdiction

Defendant seeks to dismiss Plaintiff's breach of contract claim pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, which permits a defendant to move for dismissal of a claim due to the Court's lack of subject-matter jurisdiction. A.W. ex rel. Wilson v. Fairfax Cnty. Sch. Bd., 548 F. Supp. 2d 219, 221 (E.D. Va. 2008). Having filed this suit, and thereby seeking to invoke the Court's jurisdiction, Plaintiff bears the burden of proving that the Court has subject-matter jurisdiction. Richmond, Fredericksburg & Potomac R.R. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

### B. Failure to State a Claim

In addition to establishing subject-matter jurisdiction, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If a plaintiff fails to meet this requirement, the complaint is subject to dismissal for failing to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "The plausibility standard

6

is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. A claim is plausible when it contains facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Although the facts that the plaintiff alleges must be taken as true, the plaintiff must plead more than "[t]hreadbare recitals of the elements of a cause of action." Id. "While a plaintiff is not charged with pleading facts sufficient to prove [the] case, as an evidentiary matter, in [the] complaint, a plaintiff is required to allege facts that support a claim for relief." Bass v. E. I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). If the plaintiff does not cross the threshold in his complaint from threadbare recitals to a plausible claim, the case must be dismissed. Iqbal, 129 S. Ct. at 1949-50. However, the court should construe the pleadings "so as to do justice." Fed. R. Civ. P. 8(e); see Crosby v. City of Gastonia, 635 F.3d 634, 642 (4th Cir. 2011).

### III. DISCUSSION

#### A. Subject-Matter Jurisdiction

The Court, as a threshold matter, must determine whether it has subject-matter jurisdiction. Subject-matter jurisdiction is usually established when the case presents a federal question "arising under the Constitution, laws, or treaties of the United

7

States," 28 U.S.C. § 1331, or when there exists complete diversity of citizenship among the parties to the suit. 28 U.S.C. § 1332. In the present case, however, Plaintiff asserts that subject-matter jurisdiction for his breach of contract claim against the Postal Service arises under 39 U.S.C. § 409(a), which provides that "the United States district courts shall have original but not exclusive jurisdiction over all actions brought by or against the Postal Service." Defendant contends that Plaintiff's claim of jurisdiction is legally unfounded. Def.'s Rebuttal Pl.'s Resp. Mot. Dismiss 1.

In a decision squarely on point, the United States Court of Appeals for the Third Circuit reversed a district court's dismissal for lack of subject-matter jurisdiction and held that jurisdiction was proper under 39 U.S.C. § 409(a) in a suit brought against the Postal Service by an employee alleging a breach of contract when the Postal Service failed to compensate the employee for improvement ideas. Licata v. USPS, 33 F.3d 259, 263, 264 (3d Cir. 1994). Although the district court had concluded that 39 U.S.C. § 409(a) did not grant aggrieved postal workers an independent cause of action, the Third Circuit premised its decision in Licata on the plain language of the statute. Id. at 261-62. After evaluating the legislative history and text of 39 U.S.C. § 409, the Third Circuit

8

concluded, "we cannot imagine how Congress could grant jurisdiction more plainly." Id. at 261.

The United States Court of Appeals for the Fourth Circuit also appears to have employed such a plain-language reading of 39 U.S.C. § 409(a), albeit not in the precise factual context that this matter presents. See White v. Bloomberg, 501 F.2d 1379, 1385 n.6 (4th Cir. 1974) ("We agree that . . . [t]he Postal Reorganization Act gave jurisdiction to the district courts in 'all actions brought by or against the Postal Service,' 39 U.S.C. § 409(a)."); Graham v. Frank, 884 F.2d 1388, 1989 WL 100668, at *1, *2 (4th Cir. 1989) (unpublished per curiam table decision) (affirming that the district court had subject-matter jurisdiction pursuant to 39 U.S.C. § 409(a) over an employee's claim that the Postal Service breached his contract for employment); see also Freeman v. Potter, No. 7:04cv00276, 2005 U.S. Dist. LEXIS 3488, at *2 (W.D. Va. Sept. 8, 2005) (proceeding under the jurisdictional grant of 39 U.S.C. § 409(a) to decide whether the Postal Service had breached a settlement agreement with an employee).[4]

---

[4] Defendants cite as authority for their position the Fourth Circuit's decision in Yokum v. USPS, 877 F.2d 276 (4th Cir. 1989), in which the Fourth Circuit affirmed dismissal for lack of subject-matter jurisdiction when the plaintiff sought an appeal of his termination from employment with the Postal Service. However, Yokum is inapposite because jurisdiction in that case was not premised on 39 U.S.C. § 409(a), but instead arose under the statutory framework established for

9

This Court notes that the United States Court of Appeals for the Sixth Circuit "disagree[d] with the Third Circuit's view that section 409(a) of Title 39 confers jurisdiction on the district court to hear" breach of contract claims brought against the Postal Service by employees. Kroll v. United States, 58 F.3d 1087, 1092 (6th Cir. 1995) (holding that the plaintiff's breach of contract claim was preempted by the statutory scheme governing labor relations with the Postal Service). However, in light of the consistency between the Third Circuit's decision in Licata and the Fourth Circuit's decisions discussed above, this Court concludes that 39 U.S.C. § 409(a) confers subject-matter jurisdiction in this matter.[5] Therefore, Defendant's motion to dismiss pursuant to Rule 12(b)(1) must be denied.

---

administrative and judicial review of adverse employment actions. Id. at 278.

[5] This conclusion is also consistent with recent United States Supreme Court decisions that clarify the difference between dismissal under Rules 12(b)(1) and 12(b)(6). These decisions articulate "a marked desire to curtail . . . drive-by jurisdictional rulings which too easily can miss the critical differences between true jurisdictional conditions and nonjurisdictional limitations on causes of action." Reed Elsevier, Inc. v. Muchnick, 130 S. Ct. 1237, 1244 (2010) (internal citations and quotations omitted); see also Arbaugh v. Y & H Corp., 546 U.S. 500, 515-16 (2006) (outlining a bright line rule for determining whether a statutory provision is jurisdictional in nature).

10

## B. Failure to State a Claim

Although this Court does not lack subject-matter jurisdiction over this matter, Plaintiff's First Amended Complaint must nevertheless be dismissed pursuant to Rule 12(b)(6) because Plaintiff has not met his burden of establishing that the facts he alleges justify a legal remedy. Plaintiff alleges no facts that plausibly suggest that any contract was created between Defendants and Plaintiff, and therefore, Plaintiff fails to state a claim upon which relief may be granted.

It appears that Plaintiff has sought in his First Amended Complaint to extricate his claims from any connection to the Civil Service Reform Act of 1978 ("CSRA"), 5 U.S.C. § 7501 et seq., and the Postal Reorganization Act ("PRA"), 39 U.S.C. § 101 et seq., which set forth the statutory procedure established for labor relations with the Postal Service. It also appears that Plaintiff seeks to assert his contract claims independently from the Collective Bargaining Agreement between the National Association of Letter Carriers and the Postal Service as employer, so as to avoid being bound by the procedure for grievances set forth in that Agreement. See Caterpillar Inc. v. Williams, 482 U.S. 386, 396 (1987) ("[A] plaintiff covered by a collective-bargaining agreement is permitted to assert legal rights independent of that agreement, including state-law

11

contract rights, so long as the contract relied upon is <u>not</u> a collective-bargaining agreement.") (emphasis in original). By pleading his First Amended Complaint in such a way as to avoid reliance on the protections afforded to Plaintiff by any applicable Collective Bargaining Agreement and statute, Plaintiff is left with a bare assertion that he and the Postal Service entered into a contract for his employment.

Specifically, Plaintiff alleges that once he provided answers on the PS Form 2591 application for employment "in good faith and to the best of his knowledge," he accepted an offer of employment from the Postal Service and a contract was formed, incorporating the terms of the <u>Employee Labor Relations Manual</u> and <u>Postal Handbook</u>.[6] First Am. Compl. ¶¶ 13-16. Therefore, Plaintiff claims, the Postal Service was bound by the terms of the Employee Manual and the Handbook in its dealings with Plaintiff. <u>Id.</u> ¶ 13. Plaintiff also maintains that even though he omitted his criminal history, he was permitted to do so because, in good faith, he forgot about his conviction, or in the alternative, because PS Form 2591 allows applicants to omit charges that were dismissed, set aside, vacated, annulled, expunged, or sealed. <u>Id.</u> ¶¶ 14-16. Thus, Plaintiff argues that

---

[6] Plaintiff neither references nor attaches any document that he claims to be the contract between him and the Postal Service. Instead, his claim appears to be predicated on either PS Form 2591 itself or an oral contract between the parties.

12

he was in good standing according to the terms of the contract when Defendant breached the contract and wrongfully terminated his employment. Id. ¶ 14.

The flaw in this argument is that Postal Service employees are not employed pursuant to an employment contract, but are instead statutorily appointed to their positions. 39 U.S.C. § 1001(a) ("[T]he Postal Service shall appoint all officers and employees of the Postal Service."). The statute governing such legal relationships permits the Postal Service to establish employment contracts only for executive positions, 39 U.S.C. § 1001(c), and Plaintiff does not allege that he held such a position. Indeed, Plaintiff admits that he received an "appointment" to his position of letter carrier. First Am. Compl. ¶ 2. Therefore, the nature of Plaintiff's employment as a letter carrier with the Postal Service was not contractual, but instead statutory.

Because statute specifies that Postal employees are appointed and not employed by contract, Plaintiff's claim that the Postal Service breached his employment contract is necessarily without merit. This conclusion is consistent with several prior decisions holding that there is no employment contract that can form the basis for a Postal employee's breach of contract action against the Postal Service. See Fraginals v. Postmaster Gen., 265 F. Supp. 2d 1309, 1311 (S.D. Fla. Apr. 24,

13

2003) ("Postal Service employees are not employed pursuant to employment contracts. They are appointed to positions."); Campbell v. USPS, Civ. No. 86-3609, 1990 U.S. Dist. LEXIS 3381, at *7-8 (E.D. La. Mar. 28, 1990) (dismissing the plaintiff's claim that a contract for employment was created when the Postal Service sent him a letter regarding reinstatement because Postal employees are appointed pursuant to statute), aff'd without op., 925 F.2d 1459, 1991 U.S. App. LEXIS 2449, at *1 (5th Cir. 1991) (unpublished table decision); Baade v. USPS, 664 F. Supp. 627, 631 (D. Me. 1987) (dismissing the plaintiff's breach of contract claim and holding that because Postal employees are appointed pursuant to statute, it would be anomalous to find the right to sue for breach of employment contract in 39 U.S.C. § 1208(b)); Boyd v. USPS, No. 82-126R, 1983 U.S. Dist. LEXIS 15022, at *11 (W.D. Wash. Aug. 1, 1983) ("[A]s postal employees receive their employment rights through appointments to positions, and not as a result of personal contracts of employment, plaintiff's claim that his failure to be reinstated to a position in the Postal Service breached an 'implied contract of employment' is without merit."), aff'd on other grounds, 752 F.2d 410 (9th Cir. 1985). But see Miles v. USPS, 561 F.2d 1348, 1349 (9th Cir. 1977) (acknowledging that Postal employees are appointed, but finding in 39 U.S.C. § 1208(b) a statutory right for nonunion employees to sue for breach of contract).

Instead of deriving rights from an employment contract, Postal Service employees are protected by the CSRA, the PRA, and any applicable Collective Bargaining Agreement. By enacting these pieces of legislation, Congress intended to streamline the employment process and reorganize the United States Postal Service. Postal Reorganization Act, H.R. Rep. No. 91-1104 (1970), reprinted in 1970 U.S.C.C.A.N. 3649, 3650 (codified as 39 U.S.C. § 101 et seq.). In doing so, Congress provided a method for aggrieved Postal Service employees to seek redress of employment grievances. United States v. Fausto, 484 U.S. 439, 443-45 (1988). Pursuant to statute, there exist the following procedures:

> Sub-chapter II of Chapter 75, [5 U.S.C.] § 7511-14, covers major adverse actions, including removal from office. Id. § 7512(1). A discharged employee entitled to the protection of subchapter II may appeal an agency's dismissal order to the Merit Systems Protection Board (MSPB), id. § 7513(d), and ultimately to the United States Court of Appeals for the Federal Circuit. Id. §§ 7703(a)(1) & 7703(b)(1). The appellate court may then set aside the dismissal, but only upon a showing that the discharge order was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law . . . ; obtained without procedures required by law, rule, or regulation having been followed . . . ; [or] unsupported by substantial evidence." Id. § 7703(c)(1)-(3).

Yokum v. USPS, 877 F.2d 276, 278 (4th Cir. 1989). This Court notes that Plaintiff did, in fact, take advantage of these procedures by appealing Defendants' discharge decision to the

15

Merit Systems Protection Board ("MSPB"), and subsequently filed suit in this Court in 2009.[7] Plaintiff already utilized the administrative procedures and judicial review provided by statute to appeal his termination, to no avail, and is now attempting to circumvent the outcome of those proceedings by recasting his employment grievance as a breach of contract claim. Because the statutory framework established by Congress provides the proper method for seeking review of employment decisions such as that presented here, and because Plaintiff has already sought such review, Plaintiff is precluded from re-litigating his employment claims by filing this breach of contract suit. Wills v. Office of Pers. Mgmt., 16 F.3d 414, 1994 U.S. App. LEXIS 1417, at *5 (4th Cir. 1994) (unpublished per curiam table decision) (affirming the district court's grant of summary judgment for the defendant when the plaintiff attempted "to relitigate the claim previously brought under the

---

[7] In his previous case, Plaintiff's Complaint requested review of his recent discharge from employment with the Postal Service, referenced his EEOC charge, and attached a mediation agreement. O'Neal v. Shaw, No. 2:09cv311, Docket No. 3 (E.D. Va. July 10, 2009). Plaintiff's Amended Complaint in that case included an acknowledgement that the case was an appeal from a decision of the Merit Systems Protection Board. O'Neal v. Shaw, No. 2:09cv311, Docket No. 18 (E.D. Va. Mar. 25, 2010). It is well established that a court may take judicial notice, pursuant to Rule 201 of the Federal Rules of Evidence, of public court records and parties' admissions. Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting that the court may take judicial notice of prior judicial proceedings involving the same person, property, and issues); Roach v. Option One Mortg. Corp., 598 F. Supp. 2d 741, 747 n.8 (E.D. Va. 2009).

16

CSRA" through other means); Yokum, 877 F.2d at 281 n.5 (affirming the district court's dismissal of plaintiff's claims when they were "no more than an attempt to reiterate his assertion that the Postal Service's dismissal order was not supported by substantial evidence").

## IV. CONCLUSION

Plaintiff, as an employee of the Postal Service, secured his employment not by contract but by appointment. Instead of deriving rights from an employment contract, Plaintiff enjoyed the protection of the CSRA, the PRA, and any applicable Collective Bargaining Agreement. Any right to dispute an adverse employment action against him must therefore derive from statutes and any applicable Collective Bargaining Agreement. Since Plaintiff has already availed himself of administrative and judicial review, and in this case is merely recasting his prior employment grievances as a breach of contract claim, Plaintiff has not presented this Court with a legally cognizable theory under which he is entitled to a remedy.

For the foregoing reasons, Plaintiff has failed to provide a plausible legal justification why the facts pled, even taken as true, would entitle him to relief. Therefore, Defendants' motion to dismiss is **GRANTED** and this matter is **DISMISSED**, with prejudice. Plaintiff's motion for leave to file an additional brief is **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Opinion and Order to all counsel of record.

**IT IS SO ORDERED.**

/s/ MSD
Mark S. Davis
United States District Judge

Norfolk, Virginia
August 5, 2011